Third District—April, 1915. 627

Leverich v. Danville Collieries Coal Co., 193 Ill. App. 627.

## O. G. Leverich, Appellee, v. Danville Collieries Coal Company, Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Vermilion county; the Hon. E. R. E. Kimbrough, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed April 16, 1915. Rehearing denied May 26, 1915. *Certiorari* denied by Supreme Court (making opinion final).

### Statement of the Case.

Action brought by O. G. Leverich against the Danville Collieries Coal Company to recover damages for personal injuries sustained while in its employ as a coal miner. The plaintiff recovered a verdict and judgment for $5,000, from which the defendant appeals.

The declaration averred a wilful violation of section 21 of the Miners' Act (J. & A. ¶ 7495), in that the defendant permitted plaintiff to enter its mine and work therein, without being under the direction of a mine manager, while a dangerous condition existed without a conspicuous mark being displayed at the dangerous place.

The evidence showed that the appellee had turned a room and worked therein about forty days; that the room had a horseback in its neck, which caused the grade to be slightly upwards from the entrance, and, from the edge of the horseback, for a few feet suddenly declining into the room. That a car track of iron rails was laid from the entrance of the room to the edge of the horseback nearest the face of the room, and then wooden rails laid in the room from the end of the iron rails. That the wooden rails from the point where they joined the iron rails to the end of the decline had been raised upon cross ties to a height of from six to fourteen inches which made holes from six to fourteen

628     Appellate Courts of Illinois.

Leverich v. Danville Collieries Coal Co., 193 Ill. App. 627.

inches deep between the wooden rails, the horseback and the cross ties, that from the edge of the horseback the track descended very rapidly so that in the space of a few feet—from five to nine—the track was level and on the rock; that when cars were pushed into the room, they would suddenly lurch forward as they passed over the horseback, and that the appellee had to hold and steady them as best he could so as to prevent them from jumping the track and knocking the timbers down; that he had talked about the condition with the mine manager several times, and that the latter promised to have the condition remedied as soon as iron rails could be procured.

The appellee testified that on December 28, 1910, as he was pushing a car into the room for the purpose of loading it, as it went over the ridge, while attempting to hold it, it jerked forward and pulled him into a hole between the rails and that his foot was caught and he was wrenched and his hip twisted; that, although sick with pain, he continued at work with difficulty that afternoon. On the way home he had a chill, his leg pained him and swelled up badly that night; that he worked a little the next day, and then consulted Dr. Hundley, who told him that his trouble was rheumatism caused by a sprain, and that exercise would be good for his leg; that appellee worked more or less for about two weeks, during which time Dr. Hundley treated his leg which was badly swollen; that appellee continued going to him for treatment for about five weeks; that he then went to Dr. Landauer for several weeks, and that the latter sent him to Mudlavia for a week in March to see if treatment there would not reduce the soreness and swelling; that in April Dr. Landauer discovered that the hip joint was dislocated, and took appellee to a hospital, where with other doctors an operation was performed; that the hip joint was opened and it was found that the rim of the acetab-

ulum was broken, and several loose pieces of bone were removed.

It was contended by appellant that the condition of the entrance to the room was not such a dangerous one as was within the meaning of the statute giving a remedy for injuries received because of a dangerous condition in mines, and that it was only conditions peculiar to the mining business that were within the contemplation of the act.

Instruction No. 9 given at the request of appellee told the jury that a mine examiner had no authority to determine contrary to the fact; that a place was not dangerous and that the fact that the mine examiner in good faith thought the place was not dangerous was not an excuse for failing to mark a place "dangerous" if it was in fact dangerous.

The appellant insisted that because appellee continued to work for about two weeks after he was injured, and that he told the mine manager that he had rheumatism, that this was contradictory of the fact that the rim of the hip joint was broken on December 28th. Immediately after the accident, appellee told a miner, who worked in an adjoining room and who had inquired what was the matter with him, about the occurrence. The leg swelled up right after the accident and remained swollen, and appellee stated only what Dr. Hundley informed him was the trouble. Three physicians as experts testified, on behalf of appellant, that the appellee could not have performed the work and got around as he did, if his hip joint was dislocated and the rim of the joint broken. The evidence showed that the appellee's hip was badly swollen and that he suffered great pain from the time of the accident; that he was advised by a physician a day or two after the accident, that he was suffering from rheumatism caused by a wrench of the joint; that he ultimately quit work because of the pain and that he continued to visit doctors until the actual nature of the injury was discovered by a more thorough examination.

630    APPELLATE COURTS OF ILLINOIS.

Leverich v. Danville Collieries Coal Co., 193 Ill. App. 627.

It is claimed that counsel for appellee improperly argued to the jury concerning the dangerous nature of the work of coal miners, and the safeguards that the law has provided for them.

The evidence showed that the appellee at the time of the injury was thirty-six years of age, and earned $50 every two weeks; that he has been unable to work for over two years, and that he has suffered great pain; that his leg is now nearly two inches shorter than the other; and that he will suffer more or less from the permanent nature of his injury for the remainder of his life.

CHARLES TROUP, for appellant; MASTIN & SHERLOCK, of counsel.

CLARK & HUTTON and R. ALLAN STEPHENS, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

## Abstract of the Decision.

1. MINES AND MINERALS, § 82*—*when defects in railway track constitute dangerous condition.* A dangerous condition, within the meaning of section 21 of the Miners' Act (J. & A. ¶ 7495), *held* created where wooden rails were used to piece out or extend a railway track in a mine, so as to leave a sharp decline with dangerous holes between the cross ties, into which a miner stepped and was injured as he was trying to prevent a car from escaping.

2. MINES AND MINERALS, § 191*—*when instruction as to approval of conditions by mine inspector correct.* An instruction was correctly given, in an action for injuries to a miner by reason of a violation of section 21 of the Miners' Act (J. & A. ¶ 7495), that a mine inspector did not have authority to determine, contrary to the facts, that a place was safe, and that such a determination although made in good faith was not an excuse for an employer's failure to mark a place which was in fact dangerous.

3. MINES AND MINERALS, § 173*—*evidence as to nature of miner's*

Leverich v. Danville Collieries Coal Co., 193 Ill. App. 627.

*injury.* The fact that a miner told a mine manager that he had rheumatism and continued to work two weeks thereafter, *held* not contradictory to a subsequent claim that he was suffering from a broken rim of the hip joint, where at the time of such statement he had been advised by a physician that his trouble was rheumatism, and the true nature thereof was not ascertained until some time later.

4. INSTRUCTIONS, § 118*—*refusal. of instruction supported by scintilla of evidence.* The refusal of a requested instruction is not error even though supported by a scintilla of evidence.

5. MINES AND MINERALS, § 176*—*when evidence sufficient to sustain verdict for miner in action for injuries.* The evidence *held* sufficient to sustain a verdict for the plaintiff in an action for injuries to a miner, where it appeared that a broken rim of the hip joint was due to the dangerous condition of a railway track in a mine, notwithstanding the plaintiff worked for two weeks after his injury.

6. TRIAL, § 123a*—*when argument not prejudicial.* An argument of counsel to the jury concerning the dangerous nature of a miner's work, and as to the safeguards the law requires in mines, *held* not erroneous in an action for injuries due to the failure of a mine operator to comply with section 21 of the Miners' Act (J. & A. ¶ 7495).

7. DAMAGES, § 124*—*when verdict for broken rim of hip joint not excessive.* A verdict for $5,000 *held* not excessive for an injury to a miner thirty-six years old, earning $50 every two weeks, consisting of a broken rim of the hip joint, which left one leg two inches shorter than the other, and the plaintiff more or less permanently disabled for life.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.